UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HALL CRUM,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MEDSTAR EMERGENCY  )<br>GEORGETOWN,  )<br>)<br>)<br>Defendant.  ) | Civil Action No. 1:22-cv-00494 (UNA) |

## **MEMORANDUM OPINION**

A few months ago, plaintiff filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court entered an order, ECF No. 3, denying plaintiff's IFP application without prejudice, because his conclusory request to proceed IFP was unsworn and failed to include sufficient financial information. Plaintiff was ordered to, within 30 days, either (1) submit a properly executed IFP application, along with a motion to reconsider or, (2) pay the $402 filing fee applicable to civil actions. *Id*. at 2.

Plaintiff has now filed a motion to reconsider, ECF No. 4, and an amended application to proceed IFP, ECF No. 5. Because the amended IFP application is both sworn and provides adequate information as to plaintiff's financial status, both the motion to reconsider and the IFP application will be granted. Turning then to review the complaint, this matter will be dismissed for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), as explained below.

Plaintiff, a resident of Washington, D.C., sues MedStar Georgetown University Hospital. He alleges that he went to MedStar Georgetown's emergency room in February 2022, because he was experiencing difficulty breathing and chest pain. He alleges that the hospital staff "displayed

1

. . . serious incompetence" by failing to take his medical history into account and by painfully administering intravenous therapy.  He also maintains that he was wrongfully discharged from the hospital despite having "walking pneumonia" and "fluid in his lungs," and he contends that a 24-hour medical observation should have been ordered.   He believes this alleged negligence to have arisen from a "racist pattern . . . against people of color" primarily demonstrated by the female nurses.  He demands $1 million in damages.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  See Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  See Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to state a viable federal question.  Despite having very broadly referenced defendant's alleged "discrimination" toward people of color, he has stated no actual facts or details to support such a claim.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of "constitutional discrimination claim" are "not entitled to be assumed true").  Plaintiff cannot "merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief."  *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990).

Put simply, "[e]vents may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" of a claim to violation of a fundamental right.  See *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).  And "federal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts."  *Johnson v. Robinson*, 576 F.3d 522, 522

(D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)).

To the extent that plaintiff attempts to bring a medical malpractice claim, he has failed to establish diversity jurisdiction. "For jurisdiction to exist under § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978)).  Here, all parties are located in the District of Columbia, thereby defeating diversity jurisdiction.  *See id*.

For all of these reasons, this case is dismissed without prejudice.  An order consistent with this memorandum opinion is issued separately.

Dated: May 25, 2022

TREVOR N. McFADDEN
United States District Judge